UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATISHA CORRELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE THREE FIVE, INC. d/b/a BLUSH,<br><br>Defendants. | Civil Action No.: 2:13-cv-01610-MBC<br><br>**Judge Maurice B. Cohill**<br><br>**Filed Electronically** |

**STIPULATION AND ORDER**

AND NOW, this 4th day of February, 2014, Plaintiff, Katisha Correll, ("Plaintiff"), and Defendant, One Three Five, Inc. ("Blush"), by and through their undersigned counsel, hereby STIPULATE as follows:

1. Blush consents to the conditional certification of this matter as a collective action, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), covering all current and former Dancers who performed at Blush on or after November 8, 2010.

2. The parties recognize that under Section 16(b) Blush may move for decertification of the collective action after the close of discovery, and nothing herein shall be construed as limiting Blush's right to seek decertification or assert that this action is inappropriate to proceed to trial as a collective action. Blush also reserves its right to move for decertification of any portion of the class and/or dismissal of any class member. In addition, the parties recognize that nothing herein shall be construed to limit Blush's right to challenge any applicable FLSA limitation periods

and/or file a motion for summary judgment challenging the merits of the Class and Collective Action Complaint.

3. Within twenty (20) days of the entry of this Order, Blush shall provide Plaintiff's counsel a list containing the names and last known residential address of each potential class member, as defined in Paragraph 1, not yet participating in the action.

4. Within ten (10) days of receipt of this list, Plaintiff's counsel shall mail to all potential class members not yet participating finalized copies of the attached "Notice of Lawsuit with Opportunity to Join" and "Consent to Become A Party Plaintiff" (collectively the "Notice Package," attached hereto as Exhibit A) and a postage-paid return envelope bearing Plaintiff's counsel's address. Plaintiff's counsel shall provide Defendant's counsel written confirmation via e-mail of the date the Notice Packages are mailed and said confirmation shall be e-mailed to Defendant's counsel no later than the day after the Notice Packages are mailed. The Notice Package shall be mailed in envelopes bearing Plaintiff's counsel's return address. Plaintiff's counsel shall pay all postage and printing costs associated with the preparation and mailing of the Notice Packages.

5. After 15 days have elapsed from the date on which the Notice Packages are mailed, should any Notice Package be returned to Plaintiff's counsel as undeliverable, Plaintiff's counsel shall take reasonable steps to obtain a current address for each person whose Notice Package was returned as undeliverable, including, if necessary, causing a skip trace to be conducted Thereafter, Plaintiff's counsel shall re-send the Notice Package to each such individual using information gathered within 30 days of the initial mailing date. Plaintiff's counsel shall provide Defendant's counsel written confirmation via e-mail of the date the Notice Packages are re-mailed and said confirmation shall be e-mailed to Defendant's counsel no later than the day after

the Notice Packages are re-mailed. Plaintiff's counsel shall pay all costs associated with any skip traces and re-mailings.

6. In order to participate in this action as an opt-in plaintiff, a potential class member must complete his/her Opt-In Consent Form and return it in an envelope postmarked on or before the deadline indicated in the Notice Package, which shall be set at thirty (30) days after the date of mailing (the "Initial Opt-In Period"), and for those potential class members whose Notice Packages are returned as undeliverable the opt-in period shall be thirty (30) days from the date of re-mailing "(the "Second Opt-In Period"), as described in Paragraph 5.

7. Within fifteen (15) days following the close of the Initial Opt-in Period, the parties shall confer in good faith to amicably resolve any disputes concerning the completeness or timeliness of any Opt-In Consent Forms. Plaintiff's counsel shall retain all postmarked envelopes received containing an Opt-In Consent Form, and shall, make photocopies of all such envelopes showing clearly the postmark date and deliver same to Defendant's counsel via e-mail on the day after Plaintiff's counsel receives the envelopes. Additionally, Plaintiff's counsel shall make the original envelopes available for inspection upon request by Blush's counsel.

8. Within fifteen (15) days following the close of the Second Opt-in Period, the parties shall confer in good faith to amicably resolve any disputes concerning the completeness or timeliness of any Opt-In Consent Forms. Plaintiff's counsel shall retain all postmarked envelopes received containing an Opt-In Consent Form, and shall, make photocopies of all such envelopes showing clearly the postmark date and deliver same to Defendant's counsel via e-mail on the day after Plaintiff's counsel receives the envelopes. Additionally, Plaintiff's counsel shall make the original envelopes available for inspection upon request by Blush's counsel.

9.  During the Initial Opt-in Period and Second Opt-In Period, all formal discovery shall be stayed and the parties shall attempt to resolve the matter through mediation under the Court's Alternative Dispute Resolution ("ADR") program within 30 days of the close of the Second Opt-In Period. Within fourteen (14) days after the parties' mediation, the parties shall jointly submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order – Class Action, in preparation for an Initial Scheduling Conference to be scheduled by the Court in the event they do not settle the case at mediation.

10. The requirement for the parties to submit position letters 3 days prior to the Initial Scheduling Conference is suspended until further order of court.

11. The Initial Scheduling Conference scheduled for 2/18/14 @ 2PM shall proceed as scheduled.

Dated: February 4, 2014

s/ Gary F. Lynch
Gary F. Lynch
glynch@carlsonlynch.com
R. Bruce Carlson
bcarlson@carlsonlynch.com
sunshine R. Fellows
sfellows@carlsonlynch.com
Jamisen A. Etzel
jetzel@carlsonlynch.com
CARLSON LYNCH LTD
PNC Park
115 Federal Plaza, Suite 210
Pittsburgh, PA 15212
Phone: 412-322-9243
Fax: 412-231-0246

Benjamin J. Sweet
bsweet@dscslaw.com
Edwin J. Kilpela

s/ Robert B. Stein
Robert B. Stein
Rstein@Rudovstein.com
RUDOV & STEIN
100 First Avenue, Suite 500
Pittsburgh, PA 15222
Phone: 412-281-7300

*Counsel for Defendant*

ekilpela@dscslaw.com
DEL SOLE CAVANAUGH STROYD LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
Phone: 412-261-2393
Fax: 412-261-2110

*Counsel for Plaintiff*

BY THE COURT

SO ORDERED:

_Maurice B. Cohill Jr._
Honorable Maurice B. Cohill

2/5/14
Date